UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROSS, J.

GOLD, M.J.

FILED
CLERK

2014 SEP 18  AM 10: 58

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

BETTY PRATT,

**CV 14**

Plaintiff,

**5477**

COMPLAINT

-against-

NEW YORK CITY POLICE DEPARTMENT,
THE CITY OF NEW YORK, P.O. ANDREW
HARTMANN (Shield Number.: 10135) and P.O.
JOHN DOE (Name and Shield Number presently
unknown);

Defendants.

**JURY TRIAL
DEMANDED**

ORIGINAL

Plaintiff, BETTY PRATT, by her attorney, Robert J. Di Gianni Jr. as and for her

complaining of the defendants, hereby alleges the following:

**PREMLIMINARY STATEMENT**

1.      Plaintiff BETTY PRATT brings this action for compensatory damages, punitive

damages and attorney's fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. §

1988 for violation of her civil rights, as said rights are secured by said statutes and Constitutions

of the State of New York and the United States.

**JURISDICTION**

2.      The action is brought pursuant to 42 U.S.C. § 1983, § 1985 and § 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred

upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and

constitutional provisions.

3.      Plaintiff, BETTY PRATT, further invokes this Court's supplemental jurisdiction,

pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which

derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## VENUE

4.      Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), (c) and § 1402(b) because the claims arose in this district and Plaintiff, BETTY PRATT, resides in this district.

## JURY DEMAND

5.      Plaintiff, BETTY PRATT, respectfully demands a trial by jury of all issues in this matter pursuant to Fed.R.Civ.P. 38(b).

## THE PARTIES

6.      Plaintiff, BETTY PRATT ("Ms. Pratt"), is and was at all relevant times hereto a citizen of the United States and a resident of the County of Kings and State of New York.

7.      Defendant, THE CITY OF NEW YORK ("The City"), is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, NEW YORK CITY POLICE DEPARTMENT ("NYPD"), is a charter agency of The City authorized to perform law enforcement functions in and for the City.  The City maintains the NYPD, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.      Defendant, Police Officer ANDREW HARTMANN, Shield Number.: 10135, ("P.O. Hartmann"), is and was at all times relevant hereto an employee of The City, duly appointed and acting as a police officer in NYPD, acting in the course and scope of his

employment as such and in furtherance of the interests and business of said employer and was acting under supervision of said department and according to their official duties.

10.     Defendant, Police Officer JOHN DOE (Full name and shield number presently unknown) ("P.O. Doe"), is and was at all times relevant hereto an employee of The City, duly appointed and acting as a police officer in NYPD, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

11.     That at all times relevant herein, The City operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

12.     At all times hereinafter mentioned, the defendants' acts constituted state action.

## STATEMENT OF FACTS

13.     That on July 12, 2013, plaintiff, Ms. Pratt was and remains a resident of the County of Kings and State of New York.

14.     That on July 12, 2013, defendant, The City was and remains a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

15.     That on July 12, 2013, defendant, NYPD was and remains a charter agency of The City authorized to perform law enforcement functions in and for The City. Defendant City maintains the NYPD, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

16.     That on July 12, 2013, defendant P.O. Hartmann was an employee of, and an agent, servant and/or employee of The City, acting in the course and scope of his employment as such in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties.  He is sued individually and in his employment capacity.

17.     That on July 12, 2013, defendant P.O. Doe was an employee of, and an agent, servant and/or employee of The City, acting in the course and scope of his employment as such in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties.  He is sued individually and in his employment capacity.

18.     Although not necessary herein, plaintiff has complied with all the state law conditions precedent to the bringing of this action and has complied with the provisions of the statutes in such cases as made and provided.

19.     Plaintiff has presented a proper Notice of Claim to the defendants.

20.     That more than thirty (30) days have elapsed since the presentation by plaintiff of said Notice of Claim and her claims remain unadjusted.

21.     That said Notice of Claim was served upon the defendants within ninety (90) days from the happening of the negligence of defendants as hereinafter described and sued upon.

22.     That the within action is being commenced by service of a Summons and Verified Complaint within one (1) year and ninety (90) days from the date of the occurrence.

23.     That on November 18, 2013, defendants conducted an examination of plaintiff pursuant to GML §50-h.

24.     That at all times mentioned herein, each individual defendant was acting under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of The City and the State of New York.

25.     That at all times relevant herein, The City operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

26.     That at all relevant times herein, The City and NYPD are responsible for their police officers, agents and/or representatives under the theory of *respondeat superior.*

27.     At all times relevant hereto, The City had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the defendant officers, to conform their conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiff herein.

28.     At all times relevant hereto, The City had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant officers, in the protections of the rights of plaintiff under the Constitution and the Bill of Rights.

29.     At all times relevant hereto, while at The Police Academy and intermittently thereafter, Police Officers receive training and instruction formulated by The City and NYPD and said training includes instruction as to custom and practice of The City and NYPD and same relates to the arrest procedure and the manner in which a lowered probable cause standard can be taken advantage of when deciding whether to effectuate an arrest.

30.     At all times relevant hereto, said custom and practice, and said training and instruction regarding arrests, by the very nature of the custom and practice violate the civil rights

of the public, including the plaintiff herein, and said custom and practice infringe upon the rights of the public at large, including the plaintiff herein.

31.     At all times relevant herein, financial incentive caused by low pay and unlimited overtime, coupled with minimized culpability for baseless arrests and a lowered probable cause standard constitutes policy that creates a custom and practice resulting in civil rights violations because police are encouraged and incentivized to falsely arrest and maliciously prosecute individuals without reason, cause or justification, thereby violating the rights of the public at large, including the plaintiff herein.

32.     That at all relevant times herein, the enforcement of the said custom and practice did in fact violate the rights of the plaintiff herein.

33.     At all times hereinafter mentioned, upon information and belief, defendants' police officers were acting in their capacity as employees, agents or servants of The City.

34.     At all times hereinafter mentioned, the defendants' acts constituted state action.

35.     That on July 12, 2013, at all times as stated herein, Ms. Pratt was a lawful citizen abiding by all laws, statutes and ordinances of the State of New York and the United States of America.

36.     That on July 12, 2013, at approximately 1:00 a.m., Ms. Pratt lawfully exited her residence at 377 Forbell Street, in the County of Kings and State of New York.

37.     That on July 12, 2013, upon exiting her premises, Ms. May observed that defendant's police officers, including P.O. Hartmann had arrested and handcuffed her son, Howard May ("Mr. May").

38.     That at all times herein, for reference, the Docket Number for the incident relative to Mr. May was 2013KN053816 and his Arrest Number was K13662701.

39.    That on June 12, 2013, Ms. May observed that Mr. May was fully compliant, handcuffed and subdued by defendants' police officers.

40.    That on July 12, 2013, defendants' police officers, without notice, warning or justification, proceeded to severely beat the already handcuffed and subdued Mr. May.

41.    That on July 12, 2013, Ms. Pratt asked the officers why they were beating Mr. May after he was handcuffed, subdued and compliant with the officers requests.

42.    That on July 12, 2013, defendants' police officers, including P.O. Hartmann responded by verbally abusing and threatening Ms. Pratt and ultimately throwing Ms. Pratt violently through the air, causing her to crash into the ground and sustain personal injuries

43.    That on July 12, 2013, Ms. Pratt was not charged or arrested for any crimes.

44.    That on July 12, 2013, Ms. Pratt did absolutely nothing wrong and the offending officers' conduct was entirely unprovoked and unjustified.  Thus, Ms. Pratt was not charged or arrested.

45.    That on July 12, 2013, defendants' police officers, threatened to arrest Ms. Pratt and falsify charges against her if she sought medical attention for her injuries.

46.    That on July 12, 2013, in fact, once it became apparent to them that Ms. Pratt needed emergency medical attention, respondents' police officers threatened to arrest her and falsify charges against her if she sought medical attention for her injuries.

47.    That on July 12, 2013, Ms. Pratt sought medical attention for her injuries only after the police officers had left the scene with Mr. May because defendants' police officers made her fearful of retaliation by them.

48.   That on July 12, 2013, notwithstanding their illegal threat, Ms. Pratt sought and received emergency medical attention on the date of the occurrence and continues to receive medical attention for her serious personal injuries.

49.   That on July 12, 2013, defendants violated Ms. Pratt's civil rights, menaced, assaulted, battered, used excessive force, and were otherwise negligent, reckless, careless, malicious, brutal, and acted in an unsafe, unreasonable and malicious manner in the detention, of Ms. Pratt under the circumstances and conditions then and there existing, causing her to sustain serious, severe and permanent personal injuries.

50.   That at all times relevant herein, the individually named defendants, state actors, were acting pursuant to a policy, custom and practice, which was formulated, designed and implemented by The City and NYPD, and which policy, custom and practice required the individually named defendants to make a certain, predetermined number and amount of arrests each week, month and year, irrespective of the conditions or lack of criminal conduct that existed in their precinct or sector during their shifts or tours.

51.   That at all relevant times herein, these policies, customs and practices also encouraged, taught, instructed and/or required police officers to make arrests, stops, detentions and to target, mistreat and abuse verbally and physically members of the public based on their appearance, race or ethnicity and irrespective of their conduct, lawful or otherwise, thereby violating the rights of the public, including the plaintiff herein.

52.   That at all relevant times herein, these policies, customs and practices, which were designed and formulated by The City and NYPD and implemented and effectuated by its officers, by their very nature violated the rights of the public, and violated the rights of the plaintiff herein.

53.    That at all relevant times herein, defendants, their agents, servants and/or employees knew or should have known that Ms. Pratt was innocent of any crimes.

54.    That the aforesaid assault, battery and abuse of authority was not the first incident wherein P.O. Hartmann and P.O. Doe committed acts of misconduct while on duty as members of NYPD.

55.    That NYPD and The City had actual and constructive notice of P.O. Hartmann and P.O. Doe's propensities for violence and misconduct but failed to do anything to mitigate the danger that their continued employment presented to the public at large, including the plaintiff herein.

56.    That at all times relevant herein, the NYPD and The City did fail to train and/or retrain and/or reinstruct P.O. Hartmann and P.O. Doe after acquiring notice of their defective and dangerous propensities.  The NYPD and The City did negligently hire, retain and train the individually named police officer defendants to the detriment of the public and to the plaintiff herein.

57.    By reason of the foregoing acts of the defendants, and as a direct and proximate result of the acts of the defendants, the plaintiff suffered severe and permanent personal injuries and damages, and upon information and belief, will continue to suffer pain in the future.

58.    By reason of the foregoing acts of the defendants, the plaintiff was caused severe and intense emotional anguish, distress and embarrassment and will continue to suffer same in the future.

59.    By reason of the foregoing, plaintiff was compelled to and did necessarily, require medical attention and did necessarily pay and become liable therefore, and will necessarily continue to incur similar expenses in the future.

60.     By reason of the foregoing, plaintiff was compelled to, and did necessarily, incur legal fees and did necessarily pay and become liable therefore, and will necessarily incur similar legal fees in the future.

**FIRST CAUSE OF ACTION ON BEHALF OF BETTY PRATT**

AGAINST INDIVIDUAL DEFENDANTS
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

61.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 60 inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

62.     The defendants, acting in concert and individually and under the color of law, have deprived the plaintiff of her civil, constitutional and statutory rights and have conspired to deprive the plaintiff of such rights under 4th and 14th amendments and are liable to the plaintiff under the 5th amendment, 8th amendment, 42 U.S.C. §1983 and 42 U.S.C. §1985

63.     That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had her civil rights violated, deprivation of her state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION ON BEHALF OF BETTY PRATT

MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY OF NEW YORK
AND NEW YORK CITY POLICE DEPARTMENT
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

64.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 63 inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

65.     Defendants The City and NYPD knew or should have known of its employees', agents' and/or servants' propensity to engage in the illegal and wrongful acts detailed above.

66.     Prior to the dates of occurrence as set forth herein, The City and NYPD developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in The City of New York, which policies and/or customs caused the violation of the plaintiff's rights.

67.     At all relevant times herein, while at The Police Academy and intermittently thereafter, Patrol Officers and Police Officers including the named defendants receive training and instruction formulated by The City and NYPD and said training includes instruction as to custom and practice of The City and NYPD and same relates to the arrest procedure and procedure surrounding stops and frisks.  Said custom and practice, and said training and instruction regarding arrests, stops and frisks, by the very nature of the custom and practice violate the civil rights of the public, including the plaintiff herein, and said custom and practice infringe upon the rights of the public at large, including the plaintiff herein.  In this subject case, the enforcement of the said custom and practice did in fact violate the rights of the plaintiff herein.

68.     Prior to and including the dates of occurrences as set forth herein, upon information and belief, The City and NYPD developed and maintained policies and/or customs contributing to the causation of the subject incidents and the plaintiff's injuries, such as racial profiling and the use and enforcement of a quota system with respect to stops, frisks, searches, police encounters, investigations and arrests.

69.     Upon information and belief, it was the policy and/or custom of The City and NYPD to improperly and inadequately investigate citizen and other complaints of police misconduct, and acts of misconduct were instead tolerated by The City and NYPD, including, but not limited to the incidents where defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers and others of its employees to make false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct.

70.     It was the policy and/or custom of The City and NYPD to fail to take steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City and NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

71.     The City and NYPD put into place financial incentive-based system which encourages police misconduct, false arrest and unlawful imprisonment. This financial incentive-based system exists by virtue of low pay, liberal overtime, minimized culpability or

accountability for misconduct and a low probable cause standard.  This constitutes custom and practice that results in civil rights violations.

72.    It was custom and practice of the municipal defendants to educate and train its officers in how to take advantage if the probable cause standard in justifying actual baseless and false arrests and in the matter at bar, police encounters.  There was no indication to a reasonable officer that a crime had been committed and, as such, the police encounter and mistreatment and abuse of Ms. Pratt resulted from the aforesaid municipal practice and policy.

73.    As a result of the above described policies and/or customs, police officers of NYPD believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

74.    The above policies and/or customs demonstrated a deliberate indifference on the part of the policymakers of The City and NYPD to the constitutional rights of persons within The City of New York and were the cause of the violations of the plaintiff's rights alleged herein.

75.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had her civil rights violated, deprivation of her state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## THIRD CAUSE OF ACTION ON BEHALF OF BETTY PRATT

UNREASONABLE AND EXCESSIVE FORCE
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983 AND §1988

76.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 75, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

77.    By their conduct, defendants under color of law deprived plaintiff of her constitutional rights to be free from excessive and unreasonable force.

78.    Plaintiff claims compensatory and punitive damages for the injuries set forth above and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FOURTH CAUSE OF ACTION ON BEHALF OF BETTY PRATT

ASSAULT AND BATTERY

79.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 78, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

80.    By reason of defendants' aforesaid acts, defendants committed the torts of assault and battery upon Ms. Pratt.

81.    That at all relevant times herein, defendants, their agents, servants and/or employees were under a duty to protect plaintiff from the violation of her civil rights, menacing, assault, battery, excessive force, brutality, and/or other intentional acts, negligence, recklessness and/or want of care in her unlawful treatment by the NYPD police officers committing said acts.

82. That at all relevant times herein, defendants, their agents, servants and/or employees menaced, assaulted, battered, and used excessive force, maliciousness and brutality in the unlawful encounter and treatment of plaintiff.

83. That at all relevant times herein, defendants, their agents, servants and/or employees caused plaintiff to reasonably apprehend that she was about to be harmfully and offensively contacted in her detention.

84. That at all relevant times herein, defendants, their agents, servants and/or employees offensively contacted and harmed plaintiff during the aforementioned police encounter.

85. That at all relevant times herein, defendants, their agents, servants and/or employees acted in an unsafe and unreasonable manner in the arrest, detention and custody of plaintiff under the circumstances and conditions then and there existing.

86. That at all relevant times herein, defendants, their agents, servants and/or employees were negligent, reckless and intentional in their failure to protect plaintiff from the violation of her civil rights, menacing, assault, battery, excessive force and brutality.

87. That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had her civil rights violated, deprivation of her state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has

been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### FIFTH CAUSE OF ACTION ON BEHALF OF BETTY PRATT

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

88.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 87, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

89.    By their foregoing acts, specifically their false arrest and unlawful imprisonment of her, their assault and battery upon her, defendants intended to and did cause the foregoing harm to plaintiff.

90.    That at all times relevant herein, defendants, their agents, servants and/or employees acted intentionally and/or with a reckless disregard for the likelihood of causing emotional distress to plaintiff in fraudulently and maliciously pursuing all acts as set forth above.

91.    That at all times relevant herein, defendants, their agents, servants and/or employees acted intentionally and/or with a reckless disregard for the likelihood of causing emotional distress to plaintiff in being verbally abusive, intimidating and threatening to her.

92.    That at all times relevant herein, defendants, their agents, servants and/or employees acted heinously and beyond the standards of civilized decency.

93.    That at all times relevant herein, defendants, their agents, servants and/or employees' conduct was utterly intolerable in a civilized society.

94.    That at all times relevant herein, defendants, their agents, servants and/or employees committed these acts in public.

95.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and

permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had her civil rights violated, deprivation of her state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SIXTH CAUSE OF ACTION ON BEHALF OF BETTY PRATT

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

96.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 95, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

97.     That at all times relevant herein, defendants, their agents, servants and/or employees were under an affirmative duty to refrain from abusing their power and position and from fraudulently and maliciously pursuing the malfeasance, including all acts further thereto as set forth above.

98.     That at all times relevant herein, defendants, their agents, servants and/or employees knew or reasonably should have known that the malfeasance could lead to plaintiff's harm.

99.     That at all times relevant herein, plaintiff justifiably relied upon defendants, their agents, servants and/or employees to conduct themselves properly as public officials and not to abuse their power and position in the manner as set forth above.

100.   That at all times relevant herein, defendants, their agents, servants and/or employees breached their duty to plaintiff by abusing their power and position as set forth above.

101.   That at all times relevant herein, defendants, their agents, servants and/or employees were under an affirmative duty to treat plaintiff with courtesy, professionalism and respect.

102.   That at all times relevant herein, defendants, their agents, servants and/or employees knew or reasonably should have known that failing and/or refusing to treat plaintiff with courtesy, professionalism and respect could lead to her harm under the circumstances then and there existing.

103.   That at all times relevant herein, plaintiff justifiably relied upon defendants, their agents, servants and/or employees to treat her with courtesy, professionalism and respect.

104.   That at all times relevant herein, defendants, their agents, servants and/or employees breached their duty to plaintiff in being verbally abusive, intimidating and threatening to her and her family.

105.   That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had her civil rights violated, deprivation of her state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has

been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SEVENTH CAUSE OF ACTION ON BEHALF OF BETTY PRATT

### FAILURE TO INTERVENE

106.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 105, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

107.   Each and every individual defendant had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of her constitutional rights.

108.   The individual defendants failed to intervene on plaintiff's behalf to prevent the violation of her constitutional rights despite having had a realistic opportunity to do so.

109.   As a result of the aforementioned conduct of the individual defendants, plaintiff's federal and state constitutional rights were violated and he was subjected to excessive force, causing her to suffer injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had her civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## **EIGHTH CAUSE OF ACTION ON BEHALF OF BETTY PRATT**

MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

110.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 109, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

111.   Defendants abused the legal process in their encounter and interaction with the plaintiff.

112.   Defendants interacted with the plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

113.   Defendants acted with intent to do harm to plaintiff without excuse or justification.

114.   That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had her civil rights violated, deprivation of her state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## NINTH CAUSE OF ACTION ON BEHALF OF BETTY PRATT

DELAY AND DENIAL OF MEDICAL TREATMENT AND FAILURE
TO PROTECT WHILE IN CUSTODY
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983 AND §1988

115.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 114, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

116.   By their conduct and under color of law, defendants deprived plaintiff of her constitutional rights to immediate medical treatment, failed to protect her, and sought to prevent her from obtaining medical attention for the injuries that they caused her thus perpetuating and exacerbating her physical and mental pain and suffering.

117.   That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had her civil rights violated, deprivation of her state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## TENTH CAUSE OF ACTION ON BEHALF OF BETTY PRATT

NEGLIGENT HIRING AND RETENTION

118.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 117, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

119.   Upon information and belief, defendants failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the encounter with plaintiff.

120.   Defendants knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Verified Complaint.

121.   That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had her civil rights violated, deprivation of her state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## ELEVENTH CAUSE OF ACTION ON BEHALF OF BETTY PRATT

### NEGLIGENT TRAINING AND SUPERVISION

122.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 121, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

123.   Upon information and belief, defendants failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the encounter and interaction with the plaintiff.

124.   That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had her civil rights violated, deprivation of her state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## TWELFTH CAUSE OF ACTION ON BEHALF OF BETTY PRATT

NEGLIGENCE

125.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 124, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

126.   That defendants were negligent in the encounter and interaction with the plaintiff; in failing to use such care in the performance of police duties as a reasonably prudent and careful police officer would have used under similar circumstances without any negligence on the part of plaintiff contributing thereto; and defendants were negligent in hiring and retaining persons who were unfit to serve as police officers and who they knew or should have known had dangerous propensities and lack of proper temperament; in that defendants failed to exercise reasonable precautions in employing the aforesaid police officers and failing to properly investigate their background and that these police officers were otherwise unfit to serve as police officers for defendants; and defendants were negligent in its instructions of its police officers by not exercising care in instructing them as to their deportment, behavior and conduct as police officers and representatives of defendants and in training and instructions, among other things of the proper conduct of police officers under the circumstances.

127.   That defendants are liable for the conduct of their agents, servants and/or employees by virtue of *respondeat superior.*

128.   That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had her civil rights violated, deprivation of her state and federal constitutional rights, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation,

embarrassment, shame, degradation, economic harm, was rendered sick, sore, lame and disabled, sustained severe mental anguish, nervous shock and great physical pain, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### THIRTEENTH CAUSE OF ACTION ON BEHALF OF BETTY PRATT

PUNITIVE DAMAGES

129.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 128, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

130.   Due to the above, plaintiff should be awarded punitive damages as and against the defendants in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.


WHEREFORE, plaintiff, BETTY PRATT demands judgment against the defendants stated herein under the first through thirteens causes of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, together with the costs and disbursements of this action.

Dated: Brooklyn, New York
      September 13, 2014

By:     _____
          Robert J. Di Gianni Jr.
          Attorney for Plaintiff
          159 20th Street, Suite 1B-20
          Brooklyn, New York 11232
          (718) 245-6980